UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BEVERLY LOCICERO,

          PLAINTIFF,

V.                                         **DECISION AND ORDER**

SANOFI-AVENTIS U.S. INC.,                    08-CV-489S
ALDEN PHARMACY, INC., AND
ALDEN PHARMACY,

          DEFENDANTS.

---

    1.     Plaintiff commenced this action in New York State Supreme Court, County of Erie, on or about July 9, 2007. On July 1, 2008, Defendant sanofi-aventis removed the case to this Court based on diversity, arguing that the non-diverse Pharmacy Defendants were fraudulently joined. Plaintiff did not move to remand.

    2.     The Court referred this matter to the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, to hear and report upon dispositive motions and issue a Report and Recommendation for the consideration of the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket No. 9).

    3.     At the Rule 16 conference, Judge McCarthy expressed concern over the issue of the Court's subject matter jurisdiction and requested that the parties brief the issue of diversity of citizenship. (Docket No. 10.) In a Report and Recommendation dated October 16, 2008, Judge McCarthy recommended that this Court remand this case to the State of New York Supreme Court, County of Erie. (Docket No.14.)

    4.     On October 29, 2008, Defendant sanofi-aventis timely filed Objections to

Judge McCarthy's Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.3(a)(3), and also requested that the Court consider additional evidence. A district court may consider additional evidence when reviewing a Magistrate Judge's Report and Recommendation. See 28 U.S.C. §636(b)(1) ("The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); Fed. R. Civ. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

5. Sanofi-aventis initially had requested that Judge McCarthy allow limited discovery on the issue of the fraudulent joinder of Alden Pharmacy. (Brief in Support of Federal Subject Matter Jurisdiction, Docket No. 11, pg. 9.) In his Report and Recommendation, Judge McCarthy denied the request on the grounds that the discovery went to the strength of Plaintiff's claims against Alden Pharmacy, which is not relevant to a fraudulent joinder determination. (Report and Recommendation, pg. 12.) Sanofi-aventis has not objected to Judge McCarthy's denial of its discovery request. However, it now asks this Court to consider precisely the evidence Judge McCarthy found was not relevant—specifically, a deposition of Alden Pharmacy's representative and a copy of a "Patient Information Leaflet." This Court finds no clear error in Judge McCarthy's denial of sanofi-aventis's discovery request. Therefore, this Court will not consider the additional evidence.

6. The Court has thoroughly reviewed this case *de novo* and has considered Judge McCarthy's Report and Recommendation, sanofi-aventis's Objections thereto and the applicable law. Upon due consideration, this Court will accept Judge McCarthy's recommendation for the reasons stated in the Report and Recommendation. Sanofi-

2

aventis's Objections are therefore denied.

7. Sanofi-aventis objects to the Report and Recommendation on the grounds that: Judge McCarthy applied the incorrect legal standard for fraudulent joinder, Judge McCarthy based his determination solely on the Complaint, and, based on the deposition of Defendant Alden Pharmacy's representative, it is clear that Plaintiff cannot ultimately prevail on any of her claims.

8. This Court disagrees with sanofi-aventis's contention that Judge McCarthy applied the incorrect legal standard for fraudulent joinder. To establish fraudulent joinder, "[t]he defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). Sanofi-aventis argues the standard for fraudulent joinder is more accurately articulated in In re Rezulin Products Liability Litigation; "[w]hether there is a reasonable possibility that the relevant state's highest court would rule in favor of the plaintiff were the issue presented to it". 133 F.Supp.2d 272, 280 (S.D.N.Y. 2001). However, most courts have rejected In re Rezulin's articulation of the fraudulent joinder standard as a misstatement of the law and have adhered closely to Pampillonia's holding. See Arseneault v. Congoleum Corp., 2002WL472256, 5 (S.D.N.Y.2002) ("This court believes that the Court of Appeals did not inadvertently use the language it did"). This Court, having reviewed the issue *de novo*, agrees with Judge McCarthy's decision to follow Pampillonia.

9. Next, sanofi-aventis argues that Judge McCarthy based his determination

solely on the Complaint. However, it is clear that Judge McCarthy considered the entire record before him, not just the Complaint. Throughout his Report and Recommendation, Judge McCarthy references Plaintiff's Bill of Particulars: "Plaintiff's bill of particulars alleges that..." (Report and Recommendation, pg. 8); "The bill of particulars also refers to..." (Id.); "The bill of particulars also alleges that..." (Id.). Thus, Judge McCarthy did not "view the pleadings in isolation from other information in this case," as sanofi-aventis alleges. (Objections to the Report and Recommendation, Docket No. 15, pg. 7.)

10. Finally, sanofi-aventis argues that, based on the deposition of Alden Pharmacy's representative, it is clear that Plaintiff cannot ultimately prevail on any of her claims. As already discussed, this Court declines to consider this additional evidence and what are, essentially, summary judgment arguments. Therefore, this Court must deny sanofi-aventis's final objection.

IT HEREBY IS ORDERED, that this Court accepts Judge McCarthy's October 16, 2007 Report and Recommendation (Docket No. 14) in its entirety, including the authorities cited and the reasons given therein.

FURTHER, that Defendant sanofi-aventis's Objections (Docket No. 15) are DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to remand this case to the New York State Supreme Court, County of Erie.

SO ORDERED.

Dated: July 10, 2009
       Buffalo, New York

                                  /s/William M. Skretny
                                  WILLIAM M. SKRETNY
                                  United States District Judge